UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DAKOTA J. HOULE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:14-cv-155-RLJ-MCLC |
| | ) |
| HAWKINS COUNTY SHERIFF'S | ) |
| OFFICE; HAWKINS COUNTY COURT | ) |
| SYSTEM; BUTCH GALLION, Jail Adm'r; | ) |
| SHARON SMITH, Sgt., and HAWKINS | ) |
| COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Acting pro se, Dakota J. Houle, now housed in the Hawkins County jail, has submitted this civil rights complaint for monetary and injunctive relief under 42 U.S.C. § 1983, [Doc. 1]. Plaintiff's application to proceed without prepayment of fees and costs is **GRANTED**, [Doc. 2].

### I. FEE ASSESSMENT PROCEDURES

However, because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 220 W. Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum & Order to the Sheriff of Hawkins County, Tennessee, to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.[1] The Clerk is further **DIRECTED** to forward a copy of the Memorandum and Order to the Court's financial deputy.

## II.     SCREENING THE COMPLAINT

Cases filed *in forma pauperis* must be screened under 28 U.S.C.§ 1915(e)(2) to determine whether they state a claim entitling a plaintiff to relief or whether they are frivolous or malicious or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A complaint will not pass the screening test unless it presents "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," so as to clothe a claim in "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "facial plausibility" standard does not require

---

[1] This Order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

"detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Put simply, this standard requires that a plaintiff plead factual content which allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

In performing its screening task, the Court bears in mind that the pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the complaint does not state a claim or is frivolous, malicious, or seeks damages from an immune defendant, this suit must be dismissed.

The Court examines the complaint in light of these requirements.

## III. DISCUSSION

### A. Factual Allegations

In the pleading, plaintiff presents the allegations which follow. On November 18, 2013, a Tennessee Highway Patrol officer pursued Plaintiff without reason; stopped him; and cited him for driving on a suspended license. Plaintiff went to court on that same day, was arrested, and incarcerated in the Hawkins County Jail, where he was assigned to live in D-Pod, which also housed multiple felony offenders. Plaintiff charges that Defendant Butch Gallion, as the Jail Administrator should have been informed that Plaintiff was a misdemeanant and, as such, that Defendant should have known that Plaintiff cannot live with felons.

On November 26, 2013, Defendant Sharon Smith moved Plaintiff to E-Pod, which is an open cell. E-Pod also houses offenders who have been charged with or convicted of aggravated felonies and, thus, E-Pod is inherently dangerous to him.

3

On April 4, 2014, Plaintiff requested copies of books containing Titles 40, 55 and 56 of the Tennessee Code, but when those law books arrived, they were outdated and multiple chapters were missing from each book. The books were useless to Plaintiff, as he was unable to find what he needed to defend himself from the charge.

For these alleged constitutional violations, Plaintiff would have the Court "revoke and drop all remaining probation sentences," restore his state restricted driver license, and award him $4,720, which is his jail board from November 18, 2013, through April 30, 2014, multiplied by two for "hazard pay" [Doc. 1 p.5].

**B. Law & Analysis**

The doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), applies to Plaintiff's claims involving alleged constitutional infringements tied to his citation, arrest, and confinement for violation of Tennessee drivers' license laws. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court where those proceedings implicate important state interests and where a plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here.

Plaintiff's criminal proceedings with respect to the charge that he violated the State's drivers' license law appear to be pending in the state court.[2] At trial, Plaintiff may challenge the constitutional validity of the traffic stop and, if unsatisfied with the trial court's decision on the issue, he may challenge that decision on direct appeal, after Plaintiff's judgment has been entered. Even if the Court had authority under § 1983 to intervene in those state court

---

[2] By Plaintiff's own statement of facts, his arrest and incarceration occurred on the date of the alleged violation and, logically, would have had to have happened before any trial or plea of guilty to the charge for which he was that day cited.

4

proceedings, by acting as Plaintiff requests, i.e., by awarding him double reimbursement for his jail board, based on the hazardous conditions of his confinement, restoring his restricted Tennessee drivers' license, or ordering the dismissal of probation violation charges [which insofar as can be discerned bear no connection with his charge of driving on a suspended license], that course of action undoubtedly would undermine the State's interest in conducting its criminal judicial proceedings in accord with constitutional mandates and its entitlement to be given the first opportunity to do so. Therefore, the Court must abstain from interfering in Plaintiff's state criminal proceedings by affording him the relief he seeks.

Another doctrine also may apply. If Plaintiff has been convicted of the charged offense, then his claims relating to that conviction could not proceed. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), if a judgment in a § 1983 case in favor of a plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his complaint must be dismissed, unless he can demonstrate that his conviction or sentence has already been invalidated. *Id*. at 486. Heck applies regardless of whether a plaintiff seeks money damages or injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff has not alleged and it does not appear on the face of the complaint that any conviction or sentence in connection with that drivers' license law had been invalidated. Thus, while the legal doctrines change after a conviction and judgment, the result does not, *see e.g., Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) (finding that "no cause of action exists unless a conviction has been legally eliminated"), and it remains that the Court cannot entertain the claims at this point. *See Eidson v. State of Tennessee Dep't of Children's Servs*., 510 F.3d 631, 638 (6th Cir. 2007) ("[T]he court held that Heck's cause of action would not even accrue

5

(i.e., an essential element of his claim would not be satisfied) until Heck's conviction were reversed or vacated on direct appeal or otherwise.") (citing *Heck*, 512 U.S. at 484-87)).

This leaves two claims for disposition. In the first of these, Plaintiff alleges that he was assigned housing with felons, though he was being held on misdemeanor charges, with the logical inference being that housing Plaintiff with felons violated his right to be confined in a misdemeanor pod.

Plaintiff, however, has failed to cite to any authority, and the Court knows of none, which would support the premise that he possesses any such a right or that the questioned housing arrangement violates the Constitution. Indeed, Plaintiff has no constitutionally-protected entitlement to be confined in any particular facility or any particular area of the jail. *See Meachum v. Fano*, 427 U.S. 215, 224 (1983). Thus, his first allegations fail to state a claim for relief under § 1983.

Plaintiff's next claim is that he was supplied with law books which were missing chapters and were of no use to his case.

It is true that prisoners have a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), but they do not have an abstract, freestanding right to a law library in prison, including specific codes or legal books. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To state a claim for denial of access to the courts, a plaintiff must show prejudice, such as the late filing of a court document or the dismissal of a non-frivolous claim, resulting from the inadequate jail law library. *Pilgrim v. Littlefield*, 92 F.3d 414, 415-16 (6th Cir. 1996) (citing *Lewis*, 518 U.S. at 351).

Here Plaintiff has not identified any officer connected to the lack of access to the courts and his allegation that the law books he was furnished were of "no use to [his]case" does not
6

constitute the kind of concrete, specific "litigation-related detriment" which typically satisfies the prejudice component of an access-to-courts claim. *Pilgrim*, 92 F.3d at 415-16 (a conclusory allegation of prejudice, along with an exhibit showing that the state court denied two motions filed by the inmate were insufficient). Thus, absent an allegation of actual prejudice, Plaintiff has not stated a valid claim for denial of access to the courts.

IV. **CONCLUSION**

Those claims which are precluded at this point in time by the abstention doctrine in *Younger* (or alternatively, by *Heck*) are **DISMISSED without prejudice** . Because Plaintiff has failed to state claims for unconstitutional conditions of confinement and for denial of his right of access to the courts, this complaint will be **DISMISSED with prejudice** for failure to state a claim.

In addition, the Court has carefully reviewed the complaint under 28 U.S.C. § 1915(a)(3) and hereby **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous. *See* Fed. R.App. P.24(a).

    **AN APPROPRIATE ORDER WILL ENTER**.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge